Cite as 2020 Ark. App. 525

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR-20-55

| | |
|---|---|
| | **Opinion Delivered** November 18, 2020 |
| SCOTTIE WAYNE FLIPPO<br>**APPELLANT** | APPEAL FROM THE BOONE COUNTY CIRCUIT COURT [NO. 05CR-19-12] |
| V. | |
| STATE OF ARKANSAS<br>**APPELLEE** | HONORABLE GORDON WEBB, JUDGE |
| | AFFIRMED |

### BRANDON J. HARRISON, Judge

Scottie Wayne Flippo appeals his conviction for first-degree terroristic threatening, arguing that the circuit court erred in denying his motion to dismiss for lack of a speedy trial. We disagree and affirm.

In December 2017, Flippo was taken into custody to serve an Act 570 seven-day jail sanction. During this process, Flippo "made comments of a terroristic nature," including plans to obtain a shotgun and shoot the officers involved. On 24 January 2018, the circuit court issued a bench warrant for Flippo on three charges of terroristic threatening in the first degree; that warrant was served on 20 December 2018. Flippo was released on bond the next day. On 7 January 2019, the State filed a criminal information charging Flippo with

three counts of terroristic threatening in the first degree.[1] Flippo's trial on these charges was scheduled to begin the week of 15 July 2019. The trial was later rescheduled to begin the week of 22 July 2019. On July 13, the circuit court granted Flippo's motion for a continuance and reset his plea-deadline date to August 30 and the trial to the week of September 3.

On September 5, Flippo moved to dismiss the charges on speedy-trial grounds. The motion alleged that after Flippo's arrest in December 2017, he had been incarcerated in the Arkansas Department of Correction for a parole violation, so his whereabouts were known to the State. At a hearing on the matter, defense counsel further explained that because the State knew his whereabouts, the warrant should have been served before 20 December 2018, thus starting the clock for speedy-trial purposes. Defense counsel also argued that the actions that formed the basis of the terroristic-threatening charges had been used against Flippo in his revocation in 2017, so his arrest in December 2017 started the time for calculating speedy trial.

The State countered that Flippo's arrest in December 2017 was related to a parole violation, not the new charges, and that the speedy-trial computation did not start until Flippo was served with the warrant on the terroristic-threatening charges. The circuit court agreed that Flippo was taken into custody based on a parole violation and that in the course of that arrest, he made statements that formed the basis for the terroristic-threatening charges. The court concluded that the speedy-trial time for these charges did not begin

---

[1]The information is file-stamped 22 January 2018, but the reference to the 2018 date is deemed a scrivener's error.

until 20 December 2018, when Flippo was arrested on the new charges, so it denied the motion to dismiss.

After a bench trial, the circuit court found Flippo guilty of one count of first-degree terroristic threatening and sentenced him to six years' imprisonment. This appeal followed.

Pursuant to Arkansas Rule of Criminal Procedure 28.1, the State is required to try a criminal defendant within twelve months—excluding any periods of delay authorized by Arkansas Rule of Criminal Procedure 28.3. *May v. State*, 94 Ark. App. 202, 228 S.W.3d 517 (2006). The accused must be tried within twelve months of the date the charges were filed, except that if prior to that time the defendant has been continuously held in custody, or has been lawfully at liberty, the time for trial commences running from the date of arrest. *Id.* at 208, 228 S.W.3d at 522 (citing Ark. R. Crim. P. 28.2). Arkansas Rule of Criminal Procedure 30.1 provides that if a defendant is not brought to trial within the required time, then the defendant will be discharged, which acts as an absolute bar to prosecution of the same offense and any other offense required to be joined with that offense. *Id.*, 228 S.W.3d at 522.

Flippo now argues, as he did below, that his speedy-trial period began when he was taken into custody on 14 December 2017 because the terroristic-threatening behavior was used to support his parole revocation. He acknowledges that he was initially taken into custody for failure to report but contends that he was "in custody and in restraints when the threats were made," so "such constraint amounted to an arrest." In support, he cites *Logan v. State*, 264 Ark. 920, 923, 576 S.W.2d 203, 205 (1979), in which our supreme court held

that an arrest, to be effective, "does not require formal words of arrest. *Reed v. United States*, 401 F.2d 756 (8th Cir. 1968). The restraint is equally as important as the words."

The State responds that the circuit court correctly found that Flippo's December 2017 arrest was for a parole violation, not the new crimes Flippo committed during the course of that arrest, and that Flippo's speedy-trial time in this case did not start until he was arrested for the terroristic-threatening charges on 20 December 2018. The State contends that the fact that the conduct charged in the current case was also used to support Flippo's parole revocation is irrelevant, as a defendant can be revoked and charged with a new offense for the same conduct. *See Lawrence v. State*, 39 Ark. App. 39, 839 S.W.2d 10 (1992) (holding that defendant was not placed in double jeopardy because charges for which he stood trial had previously served as basis for revocation of his previous probation term).

We hold that the circuit court correctly determined that Flippo's December 2017 arrest was for a parole violation and that the speedy-trial time period did not commence on the current charges until the date of Flippo's arrest on those charges, which was 20 December 2018. Because Flippo was tried on those charges within one year, there was no basis to dismiss on speedy-trial grounds. Consequently, we affirm the denial of the motion to dismiss.

Affirmed.

SWITZER and WHITEAKER, JJ., agree.

*Potts Law Office*, by: *Gary W. Potts*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Joseph Karl Luebke*, Ass't Att'y Gen., for appellee.